United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Theodore Engelmann,                                    Case No. 08-46474-R
        Debtor.                                    Chapter 7
_____/

Nancy Scherff,
        Plaintiff,

v.                                                     Adv. No. 08-4707

Theodore Engelmann,
        Defendant.
_____/

Opinion Regarding Motion for Summary Judgment

This matter is before the Court on Nancy Scherff's motion for summary judgment. Following a hearing on October 20, 2008, the Court took the matter under advisement. For the reasons set forth below, Scherff's motion for summary judgment is granted.

I.

On April 17, 2007, Scherff filed a state court action against: the debtor, Theodore Engelmann; Engelmann's wife, Cheryl Engelmann; and Engelmann's medical practice, Comprehensive Medical Care. Scherff alleged that the defendants were obligated to pay her $10,000 for the purchase of a car and reimburse her for insurance and registration while they were paying for the car. She alleged that the defendants obtained possession of the car in June 2006, however, they stopped making payments in January 2007. Scherff further alleged that the defendants intentionally converted the vehicle to their own use. She sought treble damages, attorney

fees and costs under common law conversion and statutory conversion. (Pl.'s Mot. for Summ. J. Ex. B.)

The defendants did not answer the complaint and a default was entered against them on June 19, 2007. (Pl.'s Mot. for Summ. J. Ex. F.) The defendants moved to set aside the default. (See Pl's Mot. for Summ. J. Ex. K and L.) However, the court denied the motion. (Pl.'s Mot. for Summ. J. Ex. N.) The court conducted a hearing on damages and awarded Scherff $34,185.43. (Pl.'s Mot. for Summ. J. Ex. U.)

On March 18, 2008, Engelmann filed for chapter 7 relief. Scherff filed this adversary proceeding on June 24, 2008, for a determination of dischargeability of debt under 11 U.S.C. § 523(a)(6). In the complaint, Scherff alleges that Engelmann willfully and maliciously injured her by taking possession of her car and failing to pay for it in full or return it to her upon demand. Scherff further alleges that the state court judgment has res judicata and/or collateral estoppel effect and cannot be challenged by Engelmann.

Scherff now moves for summary judgment. In response, Engelmann argues that he lived up to the arrangement between the parties. He further asserts that the state court default judgment was entered without a trial and he did not have counsel representing him. Therefore, he contends it should not have collateral estoppel effect.

II.

11 U.S.C. § 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity[.]" The party seeking a determination of nondischargeability bears the burden of proving the necessary elements by a preponderance of the evidence, *Grogan v. Garner*, 498 U.S. 279, 291, 111 S. Ct. 654, 661 (1991), and § 523(a) is

strictly construed against the plaintiff but liberally in favor of the debtor. *Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998).

The Supreme Court has explained that "the word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S. Ct. 974, 977 (1998). "[T]he (a)(6) formulation triggers in the lawyer's mind the category of 'intentional torts,' as distinguished from negligent or reckless torts" because "[i]ntentional torts generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'" *Id*. at 61-62.

As restated by the Sixth Circuit, "unless the actor desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it, . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455, 464 (6th Cir. 1999). "To find that a debtor intended to cause the consequences of his act or believed that the consequences were substantially certain to result from his act, it is necessary to look into the debtor's mind, subjectively." *Monsanto Co. v. Wood* (*In re Wood*), 309 B.R. 745, 753 (Bankr. W.D. Tenn. 2004).

The second component of § 523(a)(6), that the injury is malicious, "means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986). Stated another way, "There must . . . be a consciousness of wrongdoing. It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6)." *ABF, Inc. v. Russell* (*In re Russell*), 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001) (citations omitted).

"An act of conversion may constitute willful and malicious injury depending on whether or

3

not the debtor intended to cause the harm or was substantially certain that such harm would occur."
*Sweeney v. Lombardi* (*In re Lombardi*), 263 B.R. 848, 853 (Bankr. S.D. Ohio 2001).

III.

Scherff contends that the default judgment is entitled to collateral estoppel effect on the issue of whether the debt is the result of a willful and malicious injury. The doctrine of collateral estoppel can be applied by a bankruptcy court to avoid relitigating any grounds for nondischargeability which were previously litigated in a prior proceeding. *Spilman v. Harley*, 656 F.2d 224, 227 (6th Cir. 1981). The Full Faith and Credit Statute, 28 U.S.C. § 1738, requires the bankruptcy court to apply the preclusion law of the state in which the judgment was rendered to determine its preclusive effect. *See Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S. Ct. 1327 (1985). *See also Bay Area Factors v. Calvert* (*In re Calvert*), 105 F.3d 315, 317 (6th Cir. 1997); *Cresap v. Waldorf* (*In re Waldorf*), 206 B.R. 858, 862 (Bankr. E.D. Mich. 1997). If the state court judgment would receive preclusive effect in the state where it was rendered, the bankruptcy court must give that judgment preclusive effect unless it determines that an exception to § 1738 should apply. *Marrese*, 470 U.S. at 386. The Sixth Circuit has held that no such exception exists under the circumstances of a default judgment. *Calvert*, 105 F.3d at 322; *Rally Hill Prods., Inc. v. Bursack* (*In re Bursack*), 65 F.3d 51, 54 (6th Cir. 1995).

Under Michigan law, collateral estoppel precludes the relitigation of an issue in a subsequent, different action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was actually litigated and necessarily determined. *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990).

An issue is "actually litigated" if it is "put into issue by the pleadings, submitted to the trier

of fact for determination, and is thereafter determined." *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. App.1986). An issue may be actually litigated without a trial. *Id.* at 627 (claim was "actually litigated" for collateral estoppel purposes when trial court dismissed it on motion for directed verdict at close of claimant's opening statement).

In the state court complaint, Scherff alleged statutory conversion and common law conversion. In Michigan, "[s]tatutory conversion . . . consists of knowingly 'buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property.' MCL 600.2919a." *Campbell v. Sullins*, 667 N.W.2d 887, 896 (Mich. App. 2003). The common-law tort of conversion is defined as "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein." *AFSCME v. Bank One*, 705 N.W.2d 355, 364, n.6 (Mich. App. 2005). Scherff alleged that Engelmann knowingly converted her property and intentionally injured her. Thus, the issue presented in the state court is the same as that required for a finding of a willful and malicious injury.

Engelmann argues that because he did not answer the state court complaint and did not have counsel when the default was entered, the matter was not "actually litigated." In the recent case of *Micco Construction Co. v. Brunett* (*In re Brunett*), 394 B.R. 425 (Bankr. E.D. Mich. 2008), this Court held that Michigan courts would give collateral estoppel effect to a "true default," i.e., a default judgment entered because the defendant failed to file an answer or otherwise participate in the proceeding. For the reasons stated in that opinion, the Court concludes that the issue was actually litigated. Moreover, in this case, Engelmann did file a motion to set aside the default, asserting a meritorious defense to Scherff's claim. The state court denied the motion. This further establishes that the factual issues that Engelmann now seeks to litigate were actually litigated in the

5

state court.

Collateral estoppel, therefore, applies to the state court judgment and the debt is nondischargeable under 11 U.S.C. § 523(a)(6). Scherff's motion for summary judgment is granted. An appropriate order will be entered.

Not for Publication

**Signed on October 29, 2008**

                                                                                                    **/s/ Steven Rhodes**
                                                                                                    **Steven Rhodes**
                                                                                                     **Chief Bankruptcy Judge**